**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PATRICK AUSTIN HANNIFAN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:26-cv-02088-HLT-ADM** |
| **ANAPLAN, INC,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Defendant employed Plaintiff as a remote enterprise account executive from April 2023 to March 2025. He took parental leave under the Family and Medical Leave Act ("FMLA") and alleges that he suffered sexual harassment and was unlawfully terminated in retaliation for taking leave. He alleges violations of the FMLA and Title VII of the Civil Rights Act of 1964 ("Title VII") and quantum meruit.

Defendant moves to compel arbitration and stay proceedings. Doc. 6. Plaintiff opposes the motion and cites the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), which is an amendment to the Federal Arbitration Act ("FAA"). The parties entered an arbitration agreement covering Plaintiff's claims. The EFAA does not invalidate the agreement because Plaintiff has not plausibly alleged a sexual harassment claim. The Court therefore grants Defendant's motion, compels arbitration, and stays the proceedings.

## I.    BACKGROUND

Plaintiff is a male. He entered an arbitration agreement with Defendant shortly before commencing employment. The agreement states that "any legal dispute or controversy covered by this Arbitration Agreement, or arising out of, relating to, or concerning the validity, enforceability or breach of this Arbitration Agreement, shall be resolved by binding arbitration" and expressly

1

identifies claims of termination, retaliation, discrimination, harassment, the Civil Rights Act of 1964, and the FMLA. Doc. 6-1 at 4.

Defendant employed Plaintiff as lead account executive. Plaintiff's accounts include a New Balance deal where he worked alongside manager/supervisor Jill Slachta. Plaintiff and Defendant agreed Plaintiff would take leave under the FMLA from August 19 to November 10, 2024, due to the birth of his child.

After reaching this agreement, Plaintiff and Slachta traveled to meet a client in July 2024. During that trip, Slachta referred to his request for leave as "the vacation" and stated that "three months is a long time for a dad; you weren't the one who had the baby." Around August 12, 2024, Plaintiff took a phone call with Slachta. Slachta told Plaintiff his request for leave was "selfish" and told him to "man up" because his leave created difficulty for her with the New Balance deal.

Plaintiff took the agreed leave and returned to work. Plaintiff secured the New Balance deal around February 5, 2025. Defendant notified Plaintiff two days later that he would be terminated effective March 1, 2025. Plaintiff was not given any reason, warning, or counseling about his termination.

Plaintiff filed this lawsuit in February 2026 and alleges his termination was motivated by Defendant's sex discrimination and harassment and was retaliation for taking parental leave. Defendant then filed the instant motion to compel arbitration, which is fully briefed.

## II.    ANALYSIS

The FAA states in relevant part that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24

(1983). Arbitration is a contractual matter. *Snyder v. Kan. City Auto. Co.*, 2024 WL 3677499, at *2 (D. Kan. 2024) (citation omitted). First, a court determines whether a valid arbitration agreement exists, with the burden on the party moving to compel arbitration. *Id.* Second, a court determines whether the dispute falls within the agreement. *Id.*

Here, Plaintiff agrees that he signed the arbitration agreement submitted by Defendant. And his asserted claims fall within the plain language of the agreement. The Court must compel arbitration absent a reason otherwise. Plaintiff contends that reason is the EFAA. Plaintiff explains that the EFAA invalidates the arbitration agreement and keeps the entire case in federal court because he has plausibly asserted a claim for sexual harassment. *See* Doc. 7 at 1 (arguing the EFAA allows Plaintiff to invalidate the agreement because "his lawsuit involves conduct and facts that he plausibly alleges constitutes harassment based on his sex").

Congress enacted the EFAA in March 2022 as an amendment to the FAA. The EFAA states:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute.

9 U.S.C. § 402(a). A court, not an arbitrator, determines the EFAA's impact on an arbitration agreement. 9 U.S.C. § 402(b). Here, the Court finds the EFAA does not preclude arbitration because Plaintiff has not plausibly alleged a sexual harassment claim under Title VII.[1]

---

[1] The prevailing approach that federal district courts have taken in analyzing the EFAA is the plausibility standard outlined in *Twombly* and *Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (outlining pleading standard); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation and citation omitted)); *see Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 375-76 (6th Cir. 2026); *Snyder*, 2024 WL 3677499, at *2 ("Here, Plaintiff cannot avail herself of the EFAA (even assuming she plausibly alleged sexual harassment) because the underlying dispute and her claims necessarily arose or accrued before the EFAA's enactment."); *Ramirez v. Domino's Pizza Supply Chain*, 2024 WL 5452684, at *5 (D. Colo. 2024) ("Thus, the Court must determine whether Plaintiff has plausibly pled a Title VII sexual harassment retaliation claim."). The Southern District of New York suggested a

Title VII renders it unlawful for an employer "to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment" on the basis of that individual's sex. 42 U.S.C. § 2000e-2(a)(1). Sexual harassment constitutes discrimination on the basis of sex. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). A successful plaintiff must prove that the discrimination has created a "hostile or abusive work environment." *Id.* at 66. The sexual harassment must be "sufficiently <u>severe or pervasive</u> to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Id.* at 67 (emphasis added) (internal quotation and citation omitted). The relevant factors to determine "severe or pervasive" are whether the conduct (1) is frequent or severe, (2) is physically threatening or humiliating, not merely offensive, and (3) unreasonably interferes with the employee's work. *Huffman v. City of Prairie Vill., Kan.*, 980 F. Supp. 1192, 1200 (D. Kan. 1997).

---

more relaxed standard in *Diaz-Roa v. Hermes Law, P.C.* and required only that the plaintiff "plead nonfrivolous claims relating to . . . conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication . . . ." 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024). The court appeared to pull this standard from *Bell v. Hood*, which is a Supreme Court case outlining the standard to trigger federal question jurisdiction. See 327 U.S. 678, 682-83 (1946) (allowing dismissal for lack of federal question subject-matter jurisdiction when a claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). Courts in that district have not uniformly adopted this relaxed standard. *See Toomey v. One Equity Partners*, 2026 WL 458244, at *4 (S.D.N.Y. 2026) ("Accordingly, the Court holds that to trigger the EFAA and bypass the otherwise applicable arbitration provision, Toomey must plausibly allege conduct constituting either sexual harassment or sexual assault under an applicable law, here the NYSHRL or NYCHRL, in a manner that can meet the *Twombly-Iqbal* standard.").

The parties generally discuss plausibility and only briefly touch on these different pleading standards. But they do not meaningfully develop their arguments by discussing statutory language or the justifications for or against a different standard. *See* Doc. 7 at 1, 4-5; Doc. 8 at 4-5. The Tenth Circuit has not addressed this issue, but the Sixth Circuit has questioned it. *Bruce*, 168 F.4th at 375-76. The Court is not inclined to take up this issue on the cursory briefing. Additionally, the Court has concerns with the standard articulated in *Diaz-Roa*. It is derived from a standard articulated in an entirely different context involving dismissals (sometimes sua sponte) for lack of subject-matter jurisdiction. It is unclear why this standard would apply to invalidate an otherwise enforceable agreement. This standard also seems to create a logical inconsistency in procedure. A cursory claim of sexual harassment that is not plausible but also not "wholly insubstantial" included with otherwise arbitrable claims would invalidate an arbitration agreement and force the entire dispute to stay in federal court only for the defendant to promptly file a successful motion to dismiss (or for judgment on the pleadings) challenging the sexual harassment claim. Stated differently, the lower standard potentially creates a superficial carveout to escape arbitration agreements.

Here, Plaintiff has not plausibly alleged that Slachta's comments created a hostile or abusive work environment. Her conduct was not appropriate, but it was neither frequent nor severe. Plaintiff alleges two instances with four total (and relatively benign) comments in a span of roughly one month. *See Standifer v. Sonic-Williams Motors, LLC*, 401 F. Supp. 2d 1205, 1220 (N.D. Ala. 2005) (finding over a dozen remarks about the plaintiff's leave and pregnancy did not come close to "severe and pervasive" because they were not frequent, physically threatening or humiliating, and did not interfere with her ability to do her job). Her comments were unfitting and perhaps upsetting, but her comments (e.g., "the vacation," "three months is a long time for a dad; you weren't the one who had the baby," "selfish," and "man up") were infrequent and not physically threatening or humiliating. *See Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971) (finding an employer's "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" insufficient). And such comments do not plausibly suggest interference with Plaintiff's work performance. He alleges that he was afraid to report the comments because of Defendant's "work first" and "anti-family" atmosphere, Doc. 1 at 6, but Plaintiff lists nothing more to indicate that his employment conditions worsened or that his performance suffered. The comments were uttered in July and August 2024, but Plaintiff continued to work for Defendant, took the fully scheduled paternity leave, worked on the New Balance deal, and returned to work until his termination in March 2025. *Id.* Nowhere does he indicate he intended to or felt compelled to cease working for Defendant because of an abusive environment.

In sum, Plaintiff fails to allege severe and pervasive harassment that plausibly supports a sexual harassment claim. The EFAA does not invalidate the arbitration agreement, and there is a valid arbitration agreement between the parties that covers Plaintiff's asserted claims.

## III.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's motion to compel arbitration and stay proceedings (Doc. 6) is GRANTED. The Court GRANTS Defendant's motion, compels arbitration, and stays the case.

THE COURT FURTHER ORDERS Defendant shall file a status report in six months or within fourteen days of the conclusion of arbitration, whichever is earlier.

IT IS SO ORDERED.


Dated: July 1, 2026                        /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE